**Willis Van HOY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48475.**

Court of Criminal Appeals of Texas.

May 22, 1974.

W. C. Wiebusch, Houston, for appellant.

Carol S. Vance, Dist. Atty., James G. Brough and Ken Levi, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Upon trial before the court, appellant was convicted of failure to surrender certificate of title (Art. 1436–2, Vernon's Ann.P.C.), and punishment was assessed at a $100 fine and sixty days in jail, probated for a period of one year.

Appellant challenges the sufficiency of the evidence, contending that appellant never had the alleged certificate of title.

The evidence is clear and uncontroverted that appellant never had the certificate of title which the Department demanded he surrender. Peggy Nixon testified that she had possession of the certificate of title in question and the subject vehicle in 1971,

that she was in a wreck which totally demolished the car on December 31, 1971, and that because she considered it not worth the expense of repair she never saw the car again after it was towed away by a wrecker. She also testified that she thereafter destroyed the certificate of title, had never been asked to surrender the title to anyone, and had never given it to appellant or anyone else.

Article 1436–2, supra (now Art. 6687–2, Vernon's Ann.Civ.St.), provides:

"Any person, association of persons, corporate or other, who customarily engage in the business of obtaining motor vehicles for scrap disposal or resale of parts therefrom or any other form of salvage, shall immediately remove any unexpired license plates from such motor vehicle and place the same under lock and key. An inventory list of such plates showing the license number and the make and motor number of the motor vehicle from which such plates were removed shall be maintained on forms to be furnished by the State Highway Department. Upon demand the license plates and inventory lists shall be surrendered to the State Highway Department for cancellation. It is further provided that all Certificates of Title covering such motor vehicles obtained for scrap disposal, resale of parts or any other form of salvage shall, upon demand, be surrendered to the State Highway Department for cancellation. It shall thereafter be the duty of the State Highway Department to furnish a signed receipt for the surrendered license plates and Certificates of Title. Any person violating any provision of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than One Hundred Dollars ($100) nor more than One Thousand ($1,000), or by confinement in the county jail not less than ten (10) days nor more than one (1) year, or by both such fine and confinement."

It is clear that the only duty with respect to certificates of title, in contrast to unexpired license plates, that is placed by this article upon persons who "customarily engage in the business of obtaining motor vehicles for scrap disposal," etc., is that they be surrendered upon demand. A greater duty is imposed with respect to unexpired license plates, to-wit: that they be immediately removed, stored under lock and key, listed on an inventory, and surrendered upon demand.

Even with respect to license plates, Article 1436–2, supra, only requires the named acts be taken with respect to "any unexpired license plates from such motor vehicle." Clearly if the vehicle were received with no unexpired license plates, no offense would be committed if no plates were surrendered upon demand. Likewise, where, as here, the person of whom surrender is demanded never had the certificate of title demanded, no offense is shown, and the judgment must be reversed for insufficiency of the evidence.

Were it an offense for appellant not to have secured the certificate at the time he obtained the vehicle (see Art. 1436–1, Sec. 52, V.A.P.C., repealed Acts 1967, 60th Leg., p. 1035, ch. 454), perhaps the evidence would have supported such a conviction. Had appellant been the owner last named in the certificate, a failure to surrender the certificate even in the face of no demand would constitute an offense under Article 1436–1, Sec. 37(a), V.A.P.C. (now Art. 6687–1, Sec. 37(a), V.A.C.S.). But neither such offense was here charged.

Accordingly, the judgment is reversed and the cause remanded.